RECEIVED
IN LAKE CHARLES, LA
MAY 17 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20011-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| QUINCY M. WILLIAMS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion to Suppress [doc. 14] filed by the defendant, Quincy M. Williams. The issue before the court is whether DeQuincy Police Officers violated the defendant's right to be free from unreasonable searches and seizures when they searched his duffle bag pursuant to consent given by a third party who had neither actual nor apparent authority to consent to the search.

Facts[1]

On September 15, 2004, Lt. Tom Threet ("Threet"), a criminal patrol officer with the DeQunicy Police Department, stopped a vehicle owned by Bernard Ladner, Jr. ("Ladner"). The vehicle had been clocked going 71 mph in a 55 mph zone, and was driven by the defendant Williams. Upon stopping the vehicle, Threet requested that Williams produce his driver's license, the vehicle registration and proof of insurance. In response, Williams gave Threet a Mississippi identification card and allegedly told Threet that he was driving under suspension. Williams allegedly explained to Threet that he was driving the vehicle only because he, Ladner and passenger

---

[1] The facts are derived from the report of Lt. Tom Threet.

Ezekiel Davis ("Davis") were attempting to evacuate from Bay St. Louis, Mississippi, due to Hurricane Ivan. They were taking turns driving. Threet noticed that the defendant's hand was shaking when he handed over the identification card and Threet asked Williams why this was happening. Williams allegedly replied that he "did not want any more trouble."

Threet requested that his dispatcher run an NCIC check on Williams. The NCIC check confirmed that Williams was driving under suspension and also revealed that Williams was a convicted felon.

Threet then requested Ladner's permission to search his vehicle and any containers in the vehicle. Ladner allegedly acquiesced in the search in the presence of another officer, Corporal Cory Maddox. During the search, the officers located several open containers containing alcoholic beverages, and also discovered marijuana seeds and marijuana gleanings.

Threet removed a black duffel bag from the trunk of the vehicle. Threet asked Ladner to identify the owner of the bag and Ladner responded that the bag belonged to Williams. Threet then searched the bag and found a black 9mm Smith & Wesson automatic handgun. Threet requested a check on the weapon and found that it had been stolen from Slidell, Louisiana. All three occupants of the car were then handcuffed and were advised that they were being detained for officer safety. A second check of the black duffle bag revealed a Colt 9mm automatic handgun. Williams denied knowledge of the guns that had been found in his bag. He was placed under arrest and transported to the DeQuincy jail.

The defendant, Quincy Williams, was charged with possession of a firearm by a convicted felon and with possession of a stolen firearm.

Law

The defendant relies upon *United States v. Jaras*, 86 F.3d 383 (5th Cir. 1996) to argue that the guns found in his duffle bag should be suppressed since Ladner, who did not own the bag, did not have actual or apparent authority to consent to the search of the bag. In *Jaras*, the Court of Appeals held that an accomplice, such as the driver of the car in which the defendant was riding, did not have either actual or apparent authority to consent to the search of suitcases located in the trunk which the accomplice had specifically identified as belonging to the defendant and the defendant did not impliedly consent to the search of the suitcases by standing idly by without objecting while the officer conducted the search.

The *Jaras* decision was one in a long line of cases which discussed searches of bags found in vehicles. *United States v. Ross*, 456 U.S. 798, 806, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) held that if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Id.*, at 825, 102 S.Ct. 2157. Later cases describing *Ross* characterized it as applying broadly to all containers within a car, without qualification as to ownership. See, *e.g., California v. Acevedo*, 500 U.S. 565, 572, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) ("[T]he Court in *Ross* took the critical step of saying that closed containers in cars could be searched without a warrant because of their presence within the automobile"); *United States v. Johns*, 469 U.S. 478, 479-480, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985) (*Ross* "held that if police officers have probable cause to search a lawfully stopped vehicle, they may conduct a warrantless search of any containers found inside that may conceal the object of the search").

The Government in the case at bar argues that the defendant omitted mentioning key facts

3

which are relevant to this discussion, namely that marijuana seeds and gleanings were found in the passenger compartment of the vehicle. The government argues that this brings the instant case within the purview of *Wyoming v. Houghton*, 526 U.S. 295, 119 S.Ct. 1297 (U.S.Wyo.,1999) rather than *Jaras*.

*Houghton* involved a routine traffic stop in which a Wyoming Highway Patrol officer noticed a hypodermic syringe in the driver's shirt pocket. The driver admitted using the syringe to take drugs. The officer then searched the passenger compartment for contraband, removing and searching what respondent, a passenger in the car, claimed was her purse. He found drug paraphernalia there and arrested respondent on drug charges. The trial court denied the passenger's motion to suppress all evidence from her purse as the fruit of an unlawful search, holding that the officer had probable cause to search the car for contraband, and, by extension, any containers therein that could hold such contraband. The respondent passenger was convicted. In reversing, the Wyoming Supreme Court ruled that an officer with probable cause to search a vehicle may search all containers that might conceal the object of the search; but, if the officer knows or should know that a container belongs to a passenger who is not suspected of criminal activity, then the container is outside the scope of the search unless someone had the opportunity to conceal contraband within it to avoid detection. Certiorari was granted by the U.S. Supreme Court and the State Supreme Court's judgment was reversed.

In *Houghton,* the U.S. Supreme Court held that police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search. The court concluded that the framers of the United States Constitution would have regarded as reasonable the warrantless search of a car that police had probable cause to believe

4

contained contraband,[2] as well as the warrantless search of containers *within* the automobile[3].

Neither *Ross* nor the historical evidence it relied upon discussed a distinction based on ownership. The court in *Houghton*, however, found that the analytical principle underlying *Ross'* s rule was fully consistent with the balance of the Supreme Court's Fourth Amendment jurisprudence and, even if the historical evidence were equivocal, the balancing of the relative interests weighed decidedly in favor of searching a passenger's belongings. The Supreme Court held that passengers, no less than drivers, possess a reduced expectation of privacy with regard to the property they transport in cars. See, *e.g., Cardwell v. Lewis,* 417 U.S. 583, 590, 94 S.Ct. 2464, 41 L.Ed.2d 325. In the instant case, the discovery of the marijuana seeds and gleanings gave Threet probable cause to search the entire vehicle, including the duffle bag, even in the absence of consent from Williams. Accordingly, the Motion to Suppress will be denied.

Lake Charles, Louisiana, this 17 day of May, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

[3] *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572.